IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MARTINEZE LARRY,
Plaintiff,

vs. Case No. 5:07cv114/RS/EMT

W. FRANK McKEITHEN, et al.,
Defendants.
_______________________________________/

**ORDER**

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 21). Leave to proceed in forma pauperis has been granted (*see* Doc. 5 at 2).

Initially, the court notes that Plaintiff's amended complaint was not filed on the proper form. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under 42 U.S.C. § 1983 unless the appropriate complaint form is completed. Thus, Plaintiff must file his complaint on the form for use in § 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint. However, Plaintiff should not file a memorandum of law or otherwise provide citations to statutes and cases, and he should not file exhibits as evidentiary support for his complaint. The court will notify Plaintiff when memoranda and exhibits are necessary, such as prior to trial or in conjunction with a motion for summary judgment.

In an effort to ensure efficiency, however, the court has briefly reviewed the substance of Plaintiff's amended complaint. From a review of the amended complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to some or all of the named Defendants. The court will therefore allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

Plaintiff names as Defendants in this lawsuit: Sheriff W. Frank McKeithen, Sheriff of Bay County; Deputy Jamie Young; Deputy Steve Retherford; and Deputy Chad King, all of the Bay County Sheriff's Office (*see* Doc. 21 at 1). Plaintiff specifically names all Defendants in their official capacity only (*id.*). Plaintiff alleges that he has been falsely accused of a crime and has been illegally incarcerated for over 500 days in the Bay County jail (*see id.* at 3). In support, Plaintiff alleges that on or about July 14, 2005, Deputy Young and Deputy Retherford falsified affidavits and/or complaints and knowingly obtained an illegal search warrant for Plaintiff's residence (*id.*). Specifically, Plaintiff alleges that Deputies Young and Retherford used information from a confidential informant who was incarcerated at a State prison (*id.*). Plaintiff alleges that this information was false (*id.*). When deputies arrived at Plaintiff's residence to execute the search warrant, "believing the residence to be under siege, [Plaintiff] fled the scene" (*id.*). Thereafter, Plaintiff alleges that the deputies identified themselves, and "Plaintiff placed his body in a prone position on the ground" (*id.*). Next, Plaintiff alleges Deputy "King attacked [] Plaintiff unreasonably by literally jumping up and down on his knee, thereby causing multiple fractures and breaks" (*id.*). Finally, Plaintiff states that he has been advised that his knee will never function the same way again (*id.*).

Plaintiff makes several claims of constitutional violations. First, Plaintiff claims that Sheriff McKeithen "in his capacity as a supervisor, did knowingly create and/or enforce multiple policies, customs, or practices wherein falsified affidavits are sworn to under oath in order to obtain illegal warrants of arrest and/or seizure" (*id.* at 4). Second, Plaintiff alleges that Defendants conspired to use illegal warrants "supported by false probable cause" to arrest Plaintiff illegally "with full knowledge that the arrest [was] false" in violation of the Fourth Amendment (*see id.*). Third, Plaintiff claims that Defendants conspired to deprive Plaintiff of his right to be free from injury, assault, battery, and/or the use of unreasonable force in violation of the Eighth Amendment (*id.* at 5). Fourth, Plaintiff alleges that Defendants conspired to deny his Due Process and Equal Protection rights (*id.*). Specifically, Plaintiff alleges that Defendants conspired to deprive Plaintiff of his right to be free from malicious prosecution, false imprisonment, and slander (*id.*). Plaintiff also states that his "right[s] to pursue happiness, conduct business, and further his academic and other professional desires" have been denied by Defendants. For relief Plaintiff seeks compensatory damages, an

injunction prohibiting the "Corrections Corporation of America from transferring custody of [] Plaintiff to the Bay County Sheriff's Office or any of its personnel unless or until this complaint has been fully resolved," and any other relief the court deems just and proper (*id.* at 6).

As an initial matter, Plaintiff must clarify the Defendants in this matter. In the relief requested section of his amended complaint, Plaintiff seeks an order enjoining Corrections Corporation of America from transferring custody of Plaintiff to the Bay County Sheriff's Office, but Corrections Corporation of America is not a party to this suit (*see id.* at 1, 6). Therefore, Plaintiff must clarify who he seeks to sue in this action. Plaintiff must name as a Defendant each person from whom he seeks relief and place their names in the style of the case and in the "Defendants" section on page two (2) of the complaint form. Then, Plaintiff must specifically state how each named Defendant harmed him; if Plaintiff cannot state how a particular Defendant harmed him, Plaintiff should drop that person as a Defendant in this action.

In evaluating who to name as Defendants, however, Plaintiff is advised that supervisory officials are not liable under section 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability. *See* Cottone v. Jenne, 362 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citations omitted). Supervisory liability may occur, however, either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. *Id.* (citation omitted). This connection may be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so, or when a supervisor's custom or policy 'result[s] in deliberate indifference to constitutional rights' or when facts support 'an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.'" *Id.* (internal quotation marks and citations omitted); Wayne v. Jarvis, 197 F.3d 1098, 1105 (11th Cir. 1999).

Isolated incidents are generally insufficient to establish a supervisor's liability; indeed, the deprivations must be "'obvious, flagrant, rampant and of continued duration . . . .'" Gray ex rel. Alexander v. Bostic, 458 F.3d 1295, 1308 (11th Cir. 2006) (quoting Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)). Furthermore, filing a grievance with a supervisory person does not

alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. Wayne, 197 F.3d at 1106; Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Knowledge imputed to the supervisor "must be so pervasive that the refusal to prevent harm rises to the level of a custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Com'n, 10 F.3d 1535, 1542 (11th Cir. 1994). The failure to act or implement policy must be in the face of repeated violations or other indicators signifying a strong likelihood that the situation will recur. *See* Harris v. City of Marion, 79 F.3d 56, 58-59 (7th Cir. 1996). Supervisors are generally entitled to rely on their subordinates to respond appropriately to situations absent clear or widespread evidence to the contrary. "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 362 F.3d at 1360 (internal quotation marks and citation omitted). Therefore, to sustain a claim against Defendant McKeithen, Plaintiff must allege facts showing a sufficient causal connection between his conduct and the alleged constitutional violations. Although Plaintiff generally alleges that Defendant McKeithen "did knowingly create and/or enforce multiple policies, customs, or practices wherein falsified affidavits are sworn to under oath in order to obtain illegal warrants of arrest and/or seizure" (Doc. 21 at 4), Plaintiff's allegation is conclusory. Plaintiff should provide sufficient facts to support his claim that multiple policies were in place, created by Defendant McKeithen, that encouraged the use of perjured affidavits. In short, Plaintiff must support his claims with facts. *See* Goldsmith v. Mayor and City Council of Baltimore, 987 F.2d 1064, 1071 (4th Cir. 1993).

Next, Plaintiff's equal protection claims against Defendants are subject to dismissal based upon the facts alleged. The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly situated people alike. City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege that Defendants purposefully discriminated against him. *See* McClesky v. Kemp, 481 U.S.

279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). "'Discriminatory purpose' implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected . . . a particular course of action at least in part 'because of' . . . its adverse effects upon an identifiable group." E & T Realty, 830 F.2d at 1114 (citing Pers. Admin. of Mass. v. Feeney, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979)). In the instant case, Plaintiff does not allege facts suggesting Defendants treated him differently than similarly situated persons. Furthermore, Plaintiff has alleged no facts that tend to suggest that Defendants purposefully discriminated against him in any way. Therefore, he has failed to state an equal protection claim. Unless additional facts exist and are alleged, Plaintiff should drop the equal protection claim from his second amended complaint.

Next, Plaintiff's claim of excessive force should be amended. In this case, Plaintiff claims that Defendants used excessive force during his arrest in violation of his rights under the Eighth Amendment (*see* Doc. 21 at 5). Where, as here however, the excessive force claim arises in the context of an arrest, "it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989) (quoting U.S. CONST. amend. IV and citing Tennessee v. Garner, 471 U.S. 1, 7–22, 105 S. Ct. 1694, 1699–1707, 85 L. Ed. 2d 1 (1985)). Thus, Plaintiff's claim of excessive force during his arrest is properly brought under the Fourth Amendment, and he should delete his excessive force claim brought under the Eighth Amendment.

Plaintiff alleges that Defendants violated his Fourth Amendment rights by executing an unlawful search warrant. Plaintiff, however, does not state whether criminal charges have been filed against him nor has he stated the outcome of those charges.[1] This is significant because Federal

[1]The court notes that the website of the Bay County Clerk of Court, www.baycoclerk.com, indicates that Plaintiff was charged on January 18, 2006 with sale or delivery of a controlled substance and possession of a firearm by a convicted felon in case number 2006-CF-198. In Plaintiff's complaint he references case number 06-198 prior to setting forth essentially the same allegations described above (*see* Doc. 1 at 5). The online docket for case number 2006-CF-198 indicates that Plaintiff was found guilty following a jury trial on August 8, 2007 and sentenced to incarceration in state prison to run consecutively with another recent state court conviction and sentence. *See* http://records.baycoclerk.com/ovationweb/docket.aspx, search criminal cases by name for "Larry, Martineze" and select case "06000198CFMA." According to the record, Plaintiff has a motion for reduction or modification of sentence pending (*see id.*); thus, it appears his convictions have not been set aside or invalidated in any way.

courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also* Hicks v. Miranda, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975). In the instant case, Plaintiff does not allege the existence of extraordinary circumstances or that this court's failure to intervene will subject him to great and immediate harm. Therefore, Plaintiff has failed to satisfy the standard for this court's intervention in the ongoing state criminal proceeding and his claim for injunctive relief is subject to dismissal. *See* Hicks, 422 U.S. at 348–50.

Plaintiff should also be aware of the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The Court in Heck stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Similarly, to the extent Plaintiff seeks damages attributable to the fact that he was wrongly incarcerated or arrested without probable cause, Heck would require dismissal of this action unless Plaintiff establishes that his sentence or conviction has been invalidated. "There is no question that Heck bars [a plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him" if a defendant

has been convicted of the charges for which he was arrested. Smithart v. Towery, 79 F. 3d 951, 952 (9th Cir. 1996).

In the context of Fourth Amendment search or excessive force claims, the Eleventh Circuit has held that, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) (emphasis added). All Fourth Amendment claims, however, do not fit the exception to Heck, and the court "must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted" to determine whether the claims necessarily imply the invalidity of the conviction. *Id.* at 1160 n.2. For example, courts have permitted claims of excessive force even where a defendant has been convicted of some underlying charge. *See, e.g.*, Wells v. Bonner, 45 F.3d 90, 95 (5th Cir.1995) (assuming without deciding that finding of excessive force during plaintiff's arrest would not imply the invalidity of plaintiff's conviction); Smithart, 79 F. 3d at 953 ("To the extent that Smithart seeks to recover for defendants' alleged use of excessive force during the course of his arrest, his section 1983 action may proceed despite the fact that his conviction has not been reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus by a federal court."). Finally, although Fourth Amendment damages claims of unconstitutional entry, search and seizure, or excessive force may be excepted from the ruling in Heck, they are exempt only to the extent a plaintiff is caused actual, compensable injury, separate from the injury of being convicted and imprisoned. *See id.* at 487 n.2, 114 S. Ct. at 2372 n.7. Thus, although Plaintiff has alleged injury in regard to his excessive force claim, apart from the injury of being convicted, he has made no such claim regarding his unlawful search claim, and it appears subject to dismissal unless additional facts exist and are alleged.

Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law. If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the

alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint. Additionally, as instructed in this order, Plaintiff shall clarify whether state criminal charges against him have been initiated and the status of those charges. In the section entitled "Statement of Claims," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations. Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly it is **ORDERED**:

1. The clerk of court shall to forward to Plaintiff a civil rights complaint form for use in actions under 42 U.S.C. §1983. This case number should be written on the form.

2. Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on court form, and marked "Second Amended Complaint."

3. Failure to submit an amended complaint as instructed may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 28th day of September 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**